**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(1) Eric Diaz   #79181 at DCP
**(Name of Plaintiff)        (Inmate Number)**
501 Mall Road
Harrisburg, PA 17111-1299
**(Address)**

(2) _____
**(Name of Plaintiff)        (Inmate Number)**

_____
**(Address)**

**(Each named party must be numbered,**
**and all names must be printed or typed)**

**vs.**

(1) Dauphin County Work Release Center
(2) Dauphin County Adult Probation/Parole Dept.
(3) PrimeCare Medical Inc.
**(Names of Defendants)**
(4) Dauphin County Prison
**(Each named party must be numbered,**
**and all names must be printed or typed)**
(5) Case Management Unit

18-2159
**(Case Number)**

**CIVIL COMPLAINT**

FILED
SCRANTON

NOV 0 8 2018

PER_____
DEPUTY CLERK

**TO BE FILED UNDER:** ✓ **42 U.S.C. § 1983 - STATE OFFICIALS**
(6) Dauphin County, Pennsylvania ____ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

**I.    PREVIOUS LAWSUITS**

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

_____

_____

_____

_____

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution?  ✓ Yes  ____No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims?  ✓ Yes  ____No

C.   If your answer to "B" is Yes:

1.   What steps did you take? There were (are) no applicable steps in this particular situation that would have provided a proper remedy.

2.   What was the result? _____

_____

D.   If your answer to "B" is No, explain why not: The grievance policy is grossly ineffective as it has no time limitations for responses.

## III.   DEFENDANTS—See attached two (2) pages for Defendants

(1) Name of first defendant: _____

Employed as _____ at _____
Mailing address: _____
(2) Name of second defendant: _____
Employed as _____ at _____
Mailing address: _____
(3) Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____
(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV.   STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

1.   On or about May 4, 2016, the Plaintiff was sent to Dauphin County Prison ("DCP") due to violations that he allegedy committed while serving a sentence of Probation at Pennsylvania State

2

criminal docket number: CP-22-CR-0001985-2010.

2. Upon intake at DCP, the Plaintiff was seen by the medical staff, who are all employees of PrimeCare Medical Inc. ("PrimeCare"). PrimeCare staff arranged for the Plaintiff to speak with their psychiatrist, who is Dr. Martin.

3. Sometime in the month of June 2016, Dr. Martin prescribed the psycotropic medications of Wellbutrin and Trazidone to the Plaintiff, due to his diagnoses of Anxiety, Depression, PTSD and ADHD.

–See 3 attached pages for items 4. through 19.

**V.   RELIEF**

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. The Plaintiff is seeking a justifiable amount of compensation for the extensive disregard upon the part of the Defendants in regards to his mental health needs and for blatantly ignoring the Court Ordered requirement of him obtaining a Mental Health Evaluation.

2. The Plaintiff must also be compensated for having his psychiatric treatment and his psychotropic medications halted when he went to the Work Release Center, despite the Defendants being made aware of his compromised state of mental health.

3. The Defendants must also provide the Plaintiff with his Court Ordered Mental Health Evaluation and arrange for him to get any and all recommended treatment as per the results of said evaluation. Said

3

treatment must also be compensated by the Defendants, because the Plaintiff is an incarcerated indigent inmate at DCP.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __5th__ day of __November__, 20__18__.

_Eric Diaz_
(Signature of Plaintiff)

## PROOF OF SERVICE

I, Eric Diaz, state that the above Civil Rights Complaint has been sent VIA United States Postal Service to the following individual(s):

Note: This is sent out on 11/5/2018 and Prisoner Mailbox Rule is applicable to this Complaint

Clerk of Court
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Ave., P.O. Box 1148
Scranton, PA 18501

Signed this 5th day of November, 2018

_Eric Diaz_
(Signature of Plaintiff)

4

## III. DEFENDANTS, Attachment 1 of 2

(1) Name of first defendant: Krissy Litzenberger
  Employed as Probation Officer at Dauphin County Work Release Center
  Mailing address: 919 Gibson Blvd., Steelton, PA 17113

(2) Name of second defendant: Matthew Miller
  Employed as Director at Dauphin County Work Release Center
  Mailing address: 919 Gibson Blvd., Steelton, PA 17113

(3) Name of third defendant: Douglas Lauver
  Employed as Probation Officer at Dauphin County Adult Probation/Parole Dept.
  Mailing address: 917 Gibson Blvd., Steelton, PA 17113

(4) Name of fourth defendant: Chad Libby
  Employed as Director at Dauphin County Adult Probation/Parole Dept.
  Mailing address: 917 Gibson Blvd., Steelton, PA 17113

(5) Name of fifth defendant: Lynne Fuhrman, H.S.A.
  Employed as Health Services Administrator at PrimeCare Medical Inc.
  Mailing address: 3940 Locust Lane, Harrisburg, PA 17109

(6) Name of sixth defendant: Doctor Martin
  Employed as Psychiatrist at PrimeCare Medical Inc.
  Mailing address: 3940 Locust Lane, Harrisburg, PA 17109

(7) Name of seventh defendant(s): Nursing Staff
  Employed as Nurse(s) at PrimeCare Medical Inc.
  Mailing address: 3940 Locust Lane, Harrisburg, PA 17109

## III. DEFENDANTS, Attachment 2 of 2

(8) Name of eighth defendant: Brian S. Clark, CCHP
   Employed as Warden at Dauphin County Prison
   Mailing address: 501 Mall Road, Harrisburg, PA 17111

(9) Name of ninth defendant: Dominick DeRose
   Employed as Former Warden at Dauphin County Prison
   Mailing address: 501 Mall Road, Harrisburg, PA 17111

(10) Name of tenth defendant: Gregory McCutcheon
   Employed as Executive Director at Case Management Unit ("CMU")
   Mailing address: 1100 South Cameron St., Harrisburg, PA 17104

(11) Name of eleventh defendant: Leila Simmons
   Employed as Director of Mental Health Services at CMU
   Mailing address: 1100 South Cameron St., Harrisburg, PA 17104

(12) Name of twelfth defendant: Jeff Haste
   Employed as Chairman at Dauphin County Board of County Commissioners
   Mailing address: 2 South Second St., Harrisburg, PA 17101

(13) Name of thirteenth defendant: Mike Pries
   Employed as Vice Chairman at Dauphin County Board of County Commissioners
   Mailing address: 2 South Second St., Harrisburg, PA 17101

(14) Name of fourteenth defendant: George P. Hartwick III.
   Employed as Member at Dauphin County Board of County Commissioners
   Mailing address: 2 South Second St., Harrisburg, PA 17101



## IV. STATEMENT OF CLAIM, Attachment 1 of 3

4. On or about October 3, 2016, the Honorable Judge Deborah E. Curcillo of the Court of Common Pleas of Dauphin County, PA, after a revocation hearing, resentenced the Plaintiff to serve five (5) years of County Intermediate Punishment Probation ("IPP") with one (1) year in DCP.

5. As a part of said sentence, the Court ordered the Plaintiff to obtain a Mental Health Evaluation ("MHE") and to follow up with any recommended treatment. This order was issued because of the numerous potential mental health issues that were brought up at the hearing that the Plaintiff suffers from.

6. In ordering the MHE, the Court in its wisdom, recognized that the Plaintiff is possibly suffering from one or more serious mental health issues, which if left unaddressed, it could potentially lead him to commit other criminal acts.

7. On or about October 4, 2016, the Plaintiff's Probation Officer ("PO"), Douglas Lauver of the Dauphin County Adult Probation/Parole Department ("Probation"), came out to DCP to speak to the Plaintiff and to go over the conditions of the IPP sentence, but there was no discussion about the Plaintiff taking the MHE.

8. On or about November 2, 2016, the Plaintiff was sent to the Dauphin County Work Release Center ("WRC") in order to serve the incarceration portion of his IPP sentence. While incarcerated at WRC, the Plaintiff was supervised by PO Krissy Litzenberger, who reported to the WRC's director, who is Matthew Miller.



## IV. STATEMENT OF CLAIM, Attachment 2 of 3

9. On or about November 12, 2016, PrimeCare terminated the supply of the Plaintiff's medications, because their policy was/is to only supply them to inmates who transfer from DCP to WRC for a period of ten (10) days. In addition, the Plaintiff's medical and psychiatric care ceased upon his entry to the WRC.

10. Immediately prior to going to WRC, the Plaintiff had been continually incarcerated in total confinement since August 20, 2013. He thus had no health insurance or income in order to be able to afford his medications or any sort of medical and/or psychiatric treatment, much less be able to afford to pay for the MHE out of his own pocket. This was all explained in detail to PO Litzenberger.

11. On or about November 8, 2016, PO Litzenberger ordered the Plaintiff to walk over to the offices of Case Management Unit ("CMU") in order to arrange getting the MHE.

12. CMU then sent the Plaintiff away and told him that they could not help him, because he was not a long-term Dauphin County, PA resident.

13. The Plaintiff then immediately informed PO Litzenberger of what CMU told him upon his return to WRC. PO Litzenberger, who knew of the Plaintiff's limited financial resources stated that the MHE was not essential to get until his release from WRC confinement.

14. On or about May 2, 2017, the Plaintiff was removed from WRC and was taken back to DCP due to new alleged potential criminal conduct.



# IV. STATEMENT OF CLAIM, Attachment 3 of 3

15. On or about May 4, 2017, PO Lauver came to DCP to see the Plaintiff in order to serve him with a Notice of Alleged Violations of his IPP. The Plaintiff asked PO Lauver about getting some sort of psychological treatment, but he was summarily dismissed and told to leave.

16. The Plaintiff is still being held at DCP in total confinement on the same aforementioned docket due to an IPP detainer that was issued on or about May 31, 2017.

17. To this present date, there has been no attempt made by the staff at DCP, WAG Probation, CMU or PrimeCare to arrange for the Plaintiff to obtain his much needed and Court Ordered MHE.

18. Due to the failure(s) upon the part of the aforementioned Defendants, the still unaddressed mental health issue(s) have caused the Plaintiff to allegedly commit more criminal offenses while he was at WRC. Had the Plaintiff received proper treatment and counselling as per what would have been recommended after taking the MHE, it is totally possible that said new offenses, along with the associated extended incarceration, would not have occurred.

19. The alleged new offenses, along with the Plaintiff's extended period of mental suffering have also been possibly attributed to the discontinuation of his psychotropic medications and routine check-ups with a psychiatrist.

**FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS
COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331**

## COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A
COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT.  READ AND
COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed in forma pauperis.
However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the
greater of:

    1)       the average monthly deposits to your prison account for the past six months; or

    2)       the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding
month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE
OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE
SERVED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

      1.  You shall file a complaint by completing and signing the attached complaint form and
mailing it to the Clerk of Court along with the full filing fee of $350.00.  (In the event attachments
are needed to complete the allegations in the complaint, no more than three (3) pages of attachments
will be allowed.)  If you submit the full filing fee along with the complaint, you DO NOT have to
complete the rest of the forms in this packet.  **Check here if you are submitting the filing fee with
the complaint form. \_\_\_\_**

      2.  If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C.
§ 1915 without paying the full filing fee at this time by completing the following: (1) Complaint
Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form.  You must
properly complete, sign and submit all three standard forms or your complaint may be returned to
you by the Clerk of Court.  **Check here if you are filing your complaint under 28 U.S.C. § 1915
without full prepayment of fees.  ✓**

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against
a correctional facility or an official or agent of a correctional facility, the damage award will first be
used to satisfy any outstanding restitution orders pending.  Before payment of any compensatory
damages, reasonable attempts will be made to notify the victims of the crime for which you were
convicted concerning payment of such damages.  The restitution orders must be fully paid before any
part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

NAME: Eric Ling #72181
D.C.P. #
DAUPHIN COUNTY PRISON
501 MALL ROAD
HARRISBURG, PA 17111-1299

RECEIVED
SCRANTON

NOV 08 2018

PER _____ Ame
DEPUTY CLERK

Clerk of Court, Civil Division
U.S. District Court, Middle District of PA
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Ave, P.O. Box 148
Scranton, PA 18501