IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC DIAZ, : | |
|     Plaintiff : | |
| : | No. 1:18-cv-02159 |
| v. : | |
| : | (Judge Rambo) |
| DAUPHIN COUNTY WORK : | |
| RELEASE CENTER, et al., : | |
|     Defendants : | |

## MEMORANDUM

Plaintiff Eric Diaz ("Plaintiff"), an individual presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania ("DCP"), filed the instant pro se complaint pursuant to 42 U.S.C. § 1983 on November 8, 2018. (Doc. No. 1.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Plaintiff's motion to proceed in forma pauperis (Doc. No. 2), and dismiss the complaint.

I.  BACKGROUND

Plaintiff alleges that on May 4, 2016, he was re-incarcerated at DCP due to a probation violation. (Doc. No. 1 at 2, 3.) Upon arriving at DCP, Plaintiff claims that he was seen by psychiatrist Dr. Martin who prescribed psychotropic medications to Plaintiff because of his anxiety, depression, PTSD, and ADHD.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

(Id. at 3.)  Plaintiff avers that a revocation hearing was held on October 3, 2016, and that he was resentenced to five (5) years of County Intermediate Punishment Probation with one (1) year of incarceration at DCP.  (Id. at 7.)  Plaintiff maintains that as part of his sentence, the Dauphin County Court of Common Pleas ordered him to obtain a mental health evaluation and to follow-up with any recommended treatment.  (Id.)

Plaintiff alleges that he was transferred to the Dauphin County Work Release Center on November 2, 2016 to serve the remaining portion of his sentence.  (Id.)  Plaintiff claims that on November 12, 2016, PrimeCare Medical Inc. terminated Plaintiff's prescribed psychotropic medications because of its alleged policy that limits the supply of medications to inmates transferred from DCP to a work release center for a period of only ten (10) days.  (Id. at 8.)  Plaintiff also alleges that his medical and psychiatric care also stopped once he entered the work release center.  (Id.)  Plaintiff also claims that he attempted to schedule his medical health evaluation with the case management unit but was informed that because he was not a long-term Dauphin County resident, the case management unit could not schedule his mental health evaluation.  (Id.)

Plaintiff avers that on May 2, 2017, he was removed from work release and re-incarcerated at DCP because of "new alleged potential criminal conduct," and that on May 4, 2017, he was served with a notice of alleged violations.  (Id. at 8,

2

9.) Plaintiff claims that he is still incarcerated at DCP because of a detainer that was issued on May 31, 2017. (Id. at 9.) Plaintiff alleges that he has yet to receive his court ordered mental health evaluation from October 3, 2016. (Id.) Plaintiff also claims that his unaddressed mental health issues have caused him to "allegedly commit more criminal offenses" while on work release. (Id.) Plaintiff maintains that had he received proper medical treatment, "it is totally possible that [the] new offenses" he is being charged with, "would not have occurred." (Id.) Plaintiff seeks compensation for the disregard of his mental health needs as well as an order directing Defendants to provide him with psychotropic medications and a mental health evaluation. (Id. at 3.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the

defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be

5

liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Section 1983 Standard

To state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009).

## III. DISCUSSION

### A. Plaintiff's Complaint

Plaintiff's complaint will be dismissed upon initial screening pursuant to the PLRA for two reasons. First, to the extent that Plaintiff claims that he has suffered a mental or emotional injury, he has failed to allege a prerequisite physical injury. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner

6

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted). To recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate less than significant, but more than a de minimis physical injury. See 42 U.S.C. § 1997e(e); see also Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003).

The allegations within Plaintiff's complaint fail to demonstrate either a physical injury or anything constituting a "sexual act" under 18 U.S.C. § 2246(2). Accordingly, even if Plaintiff stated a constitutional violation, he is unable to recover compensatory damages because he failed to suffer a physical injury. See Rager v. Delbalso, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016).

Second, while federal courts must generally adjudicate all cases and controversies that are properly before them, New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358 (1989), abstention, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that

7

a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). Absent extraordinary circumstances, Younger abstention[2] requires that a district court abstain from enjoining pending state criminal proceedings when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). Younger abstention is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. C.C.P., Delaware Cty, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). Moreover, application of the Younger doctrine to § 1983 civil rights actions in which the plaintiff is challenging the pending state court criminal charges filed against him and is alleging that the initiation and prosecution in the ongoing underlying state court action "violated and continues to violate his constitutional rights" is appropriate. See Miles v. Zech, Civ. No. 3:18-1061, 2018 WL 3207381, at *2 (M.D. Pa. June 29, 2018) (citing Smithson v. Rizzo, Nos. 1:14-

---

[2] See Younger v. Harris, 401 U.S. 37 (1981). The Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

8

cv-1866, 1:14-cv-1867, 2015 WL 1636143, *4 (M.D. Pa. Apr. 7, 2015); Jaffery v. Atlantic Cty. Prosecutor's Office, 695 F. App'x. 38 (3d Cir. 2017)).

Additionally, the Third Circuit Court of Appeals has held that Younger abstention is warranted when a criminal defendant is pursuing post-conviction relief. Peay v. Massiah-Jackson, 133 F. App'x 31 (3d Cir. 2005). The Court in Peay stated, "[t]o the extent that [] [Plaintiff] sought an injunction to force the PCRA courts to allow him to proceed pro se or to bar a pending state criminal proceeding, Younger and its progeny barred such relief." Id. at 32-33; see also Ridge v. Campbell, 984 F. Supp. 2d 364 (M.D. Pa. 2013) (Younger abstention was warranted where defendant's petition for post-conviction relief was pending in state court, and defendant's requested relief would interfere with those proceedings).

In the present matter, the Court concludes that all three Younger criteria are met. First, there are ongoing state criminal proceedings wherein Plaintiff's post-conviction relief is currently pending in state court. See Commonwealth v. Diaz, CP-22-CR-1985-2010.[3] Second, it is axiomatic that state criminal proceedings necessarily implicate important state interests. Younger, 401 U.S. at 45-46; see also Wallace v. Keen, No. 12-cv-1366, 2012 WL 5197948, at *4 (M.D. Oct. 19,

---

[3] See https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0001985-2010&dnh=xTE8KvqIDwpGWAz0DkhHPg%3d%3d (last accessed December 17, 2018). A district court may take judicial notice of proceedings in another court. See Minney v. Winstead, No. 12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013).

9

2012). Finally, Plaintiff has the opportunity to raise his constitutional claims in the context of his state criminal proceedings in state court at the trial stage and during any appellate proceedings. See Wallace, 2012 WL 5197948, at *4; see also Moore, 515 F.3d at 445 (providing that adequate state court review remains available to the plaintiff "at trial and thereafter, on appellate review"); Lazaridis, 591 F.3d at 671 (providing that Younger only requires "an opportunity to present federal claims in a state proceeding," and that the burden rests on the plaintiff "to show that state procedural law barred presentation of [his] claims") (quoting Juidice v. Vail, 430 U.S. 327, 337 (1997) and Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-15 (1987)).

Additionally, Plaintiff has not made a showing that Younger abstention is inappropriate because: (1) the ongoing state proceedings are undertaken in bad faith; (2) such proceedings are meant to harass him; or (3) some extraordinary circumstance exists that would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. See Wallace, 2012 WL 5197948, at *4; Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003). Lastly, "[i]t does not appear from the record that [Plaintiff has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." Younger, 401 U.S. at 47 (quoting Douglas v. Jeannette, 319 U.S. 157, 164 (1943)).

Here, Plaintiff's instant claims concern his ongoing criminal proceedings and satisfy the requirements of abstention. They do not demonstrate the type of extraordinary circumstance contemplated by Younger. Given the important state interest in enforcement of its criminal laws and recognizing that the state courts are prepared to address these matters, the Court concludes that it is appropriate to abstain from entertaining the instant action, as abstention is required to preserve the integrity of the state judicial process.

Lastly, to the extent that Plaintiff is attacking the duration of his current Pennsylvania state incarceration, he must assert such claims in a properly filed habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475 (1975); Telford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993), cert. denied 510 U.S. 920 (1993). Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (providing that federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence.").

**B.  Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

11

2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court finds that affording Plaintiff an opportunity to amend would be futile. See Forman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2), will be granted and the complaint will be deemed filed. Plaintiff's complaint (Doc. No. 1), will be dismissed without leave to amend. An appropriate Order follows.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: January 3, 2019